Dear Mr. Roy:
On behalf of the Lafayette Parish School Board, you have requested our opinion on issues dealing with retirement incentives. Specifically you have asked:
 (1) Would it be legal for the Lafayette Parish School Board to pay for unused accumulated sick leave days at a rate over and above the twenty-five days that the State reimburses the Lafayette Parish School Board, say for an additional twenty days as an incentive for individuals to retire early?
 (2) Would it be legal for the Lafayette Parish School System to offer retirement service credit for six weeks or more, up to perhaps an entire semester for people who are eligible for retirement and have over thirty years experience, if they would commit as part of that arrangement to retiring at the end of that time.
The first question is governed by LSA-R.S. 17:1201(B) which states:
 Upon the retirement of any public school member of the teaching staff or upon his death prior to retirement, his employer shall pay to such member of the teaching staff or to his heir or assigns, sick leave which has accrued to such member of the teaching staff but which remains unused at the time of his retirement or at the time of his death if prior to retirement, not to exceed twenty-five days of such unused sick leave. Such pay shall be at the rate of pay received by the member of the teaching staff at the time of retirement or death prior to retirement; provided that any parish or city school board may pay such unused sick leave beyond twenty-five days at its discretion. (Underlining is our own emphasis).
Based on LSA-R.S. 17:1201(B), it is our opinion that your proposal to pay members of the teaching staff for unused accumulated sick leave over and above the mandatory twenty-five days would be legal.
In regard to your second inquiry, the retirement incentive program which you propose to implement would involve an agreement between the school board and certain employees that at the end of a specified period of time the employee would retire and the school board would thereafter pay additional contributions to the applicable retirement system.
After careful review of the incentive program mentioned above and the applicable law, it would seem that such a program would not be feasible under the retirement system law. Upon retirement of a school board employee the employer would not be able to pay any additional contribution amounts into the retirement system on behalf of the employee. The payable contributions under the teachers' retirement system and the school employees' retirement system are based on time in which the teacher or school employee is actually employed. Thus, once the employee retires they may begin receiving retirement benefits and no further contributions may be paid into the system. (The DROP program is an exception to this general rule, however, this program is specifically provided for by legislative act. See LSA-R.S. 11:786.)
It is therefore the opinion of this office that under LSA-R.S. 17:1201(B), a school board may pay members of its teaching staff for unused accumulated sick leave over and above the mandatory twenty-five days payable at death or retirement.
Further, the school board may not pay contributions into the applicable retirement system once a school board employee has retired as an incentive for such retirement.
I hope this opinion sufficiently addresses your concerns. If you require any further assistance, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0336p